IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CALVIN D. HASKIN,** | 3:17-cv-00011-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **NANCY A. BERRYHILL,**[1]<br>**Acting Commissioner, Social**<br>**Security Administration,** | |
| Defendant. | |

**GEORGE J. WALL**
Law Offices of George J. Wall
1336 E, Burnside, Suite 130
Portland, OR 97214
(503) 236-0068

    Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1000

---

[1] On January 23, 2017, Nancy A. Berryhill was appointed the Acting Commissioner of the Social Security Administration and pursuant to Federal Rule of Civil Procedure 25(d) is substituted as Defendant in this action.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JORDAN D. GODDARD**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2733

　　　　Attorneys for Defendant

**BROWN, Judge.**

　　Plaintiff Calvin Dwayne Haskin seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's applications for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

　　For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

　　Plaintiff protectively filed his application for SSI benefits on January 7, 2013. Tr. 19.[2] Plaintiff alleges a disability onset date of January 2, 1982. Tr. 19. Plaintiff's applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on January 27,

---

　　[2] Citations to the official transcript of record filed by the Commissioner on May 25, 2017, are referred to as "Tr."

2 - OPINION AND ORDER

2015. Tr. 19, 37-58. Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney at the hearing.

On June 2, 2015, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 19-32. On July 13, 2015, Plaintiff requested review by the Appeals Council. Tr. 14. On November 15, 2016, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-4. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On January 4, 2017, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on May 26, 1957. Tr. 31. Plaintiff was fifty-seven years old at the time of the hearing. Plaintiff obtained a GED. Tr. 218, 283. The ALJ found Plaintiff does not have any past relevant work experience. Tr. 31.

Plaintiff alleges disability due to schizoaffective disorder/depression. Tr. 69.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the

3 - OPINION AND ORDER

medical evidence.  *See* Tr. 21-30.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence]

but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

I. **The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe

5 - OPINION AND ORDER

impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform

work he has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).
*See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since January 7, 2013, Plaintiff's application date.  Tr. 21.

At Step Two the ALJ found Plaintiff has the severe impairments of lumbar degenerative disc disease, schizoaffective disorder, polysubstance dependence, antisocial personality disorder, and depression.  Tr. 21.

At Step Three the ALJ concluded Plaintiff's medically

determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 21-24. The ALJ found Plaintiff can frequently lift and carry 25 pounds and occasionally lift and carry 50 pounds; can sit, stand, and walk up to six hours in an eight-hour workday; can frequently perform postural activities such as climbing stairs, ramps, ropes, ladders and scaffolding; and can frequently perform balancing, stooping, kneeling, crouching and crawling. The ALJ found Plaintiff should avoid concentrated exposure to hazards such as working at unprotected heights or around machinery with exposed moving parts. The ALJ also found Plaintiff is limited to unskilled work requiring no more than incidental contact with the public and no teamwork tasks with coworkers. Tr. 24. Ultimately, the ALJ concluded Plaintiff has the RFC to perform medium work.

At Step Four the ALJ concluded transferability of job skills is not an issue because Plaintiff does not have past relevant work. Tr. 31.

Based on Plaintiff's age, education, work experience, and RFC, the ALJ found at Step Five that Plaintiff can perform other work in the national economy. Tr. 31-32. The ALJ cited examples of such work that were identified by the VE: general helper, material handler, and lumber sorter. Tr. 31, 59-60. Thus, the ALJ concluded Plaintiff is not disabled and, therefore,

is not entitled to benefits. Tr. 32.

## **DISCUSSION**

Plaintiff contends the ALJ erred when he rejected the opinion of Cheryl S. Brischetto, Ph.D., a consulting psychologist, and failed to give specific and legitimate reasons for rejecting her opinion.

The Commissioner contends the ALJ's conclusion was a rational interpretation of Dr. Brischetto's opinion, and, therefore, the Court should defer to the ALJ's determination.

**I.  Standards**

The Court must affirm the ALJ's findings of fact if they are supported by substantial evidence and if the ALJ's decision is free of legal error.  42 U.S.C. § 405(g).  *See also Guitierrez v. Colvin*, 844 F.3d 804, 807, (9th Cir. 2016).

When "evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhardt*, 400 F.3d 676, 679 (9th Cir. 2005).  *See also Shaibi v. Berryhill*, 870 F.3d 874, 880 (9th Cir. 2017).  "If the evidence can support either outcome, the court many not substitute its judgment for that of the ALJ."  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

**II. Analysis**

Plaintiff contends even though the ALJ purportedly gave

9 - OPINION AND ORDER

significant weight to Dr. Brischetto's opinion, the ALJ improperly discounted Dr. Brischetto's assessment that Plaintiff is markedly limited in his ability to respond appropriately in work settings and to changes in the workplace routine and that Plaintiff has moderate-to-severe limitations in interacting appropriately with supervisors. Tr. 29.

On March 18, 2015, Dr. Brischetto examined Plaintiff at the request of the Disability Determination Services of the State of Oregon. Tr. 657-77. As part of a check-box medical source statement, Dr. Brischetto indicated Plaintiff had "moderate-to-marked" restrictions in his ability to interact appropriately with the public, supervisors, and co-workers. Tr. 675. She also noted Plaintiff had marked limitations in his ability to respond appropriately to usual work situations, to respond to changes in a routine work setting, and to make judgments on complex work-related decisions. Tr. 675

The ALJ found his evaluation of Plaintiff's RFC was consistent with Dr. Brischetto's opinions with the exception of Dr. Brischetto's assessment that Plaintiff was markedly limited in his ability to deal with the usual workplace stress and changes in routine work settings. Tr. 29. The ALJ included in his evaluation of Plaintiff's RFC that Plaintiff is limited to only incidental contact with the public and no team-work tasks with coworkers. Tr. 24. The ALJ concluded the record supported

his evaluation of Plaintiff's limitations as "moderate at most." Tr. 29.

In *Rounds v. Commissioner of Social Security Administration* the court found when the physician's opinion was part of a checkbox form in the physician's summary report, the ALJ's treatment of the physician's opinion that the plaintiff had moderate limitations in her ability to accept instructions and to respond appropriately to criticism did not constitute a "rejection" of the physician's opinion if the ALJ specifically referred to it in evaluating the plaintiff's RFC. 807 F.3d 996, 1005 (9th Cir. 2015). *See also Smith v. Colvin*, No. 3:15-cv-00267-MC, 2016 WL 1065816, at *3 (D. Or. March 15, 2016)("[A]n ALJ's RFC findings are not required to address a physician's checked-box opinion regarding a moderate limitation, where the ALJ notes this opinion and gives it great weight as a whole.")(citing *Rounds*, 807 F.3d at 1005).

Moreover, when an ALJ's findings are consistent with but not identical to a physician's assessed limitations of the claimant, those findings do not constitute a rejection of the physician's opinion. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010). *See also Thomas v. Colvin*, No. 3:14-cv-00667-CL, 2015 WL 4603376, at *5 (D. Or. July 29, 2015). In other words, when the ALJ evaluates a claimant's RFC, his findings must merely be consistent with the physician's

11 - OPINION AND ORDER

conclusions rather than a carbon copy of the physician's opinion. *Smith*, 2016 WL 1065816, at *3.  If the ALJ's findings are not consistent with the physician's opinion, the ALJ must provide legally sufficient reasons for rejecting part of the physician's opinion.

In *Shaibi v. Berryhill* a consultative psychiatrist diagnosed the plaintiff with depressive disorder and post-traumatic stress disorder.  The psychiatrist noted the plaintiff could perform simple, repetitive tasks in the workplace, but the plaintiff was "moderately limited" in terms of his ability to get along with peers and supervisors because of a mood disorder.  The ALJ gave "significant weight" to the psychiatrist's opinion and assessed the plaintiff with an RFC limited to "simple routine tasks in a non-public setting, with occasional interaction with coworkers." The plaintiff contended the ALJ erred when he assessed the plaintiff's RFC by rejecting the psychiatrist's opinion.  The court, however, concluded the ALJ did not err and noted:

> The ALJ evidently contemplated that [the plaintiff's] social limitations were significant enough that he was incapable of frequent or sustained interactions with coworkers, but not sufficiently debilitating that [the plaintiff] could *never* interact with colleagues or supervisors.  That conclusion is consistent with [the consultative psychiatrist's] opinion that [the plaintiff's] social limitation were "moderate," rather than mild or marked.

870 F.3d at 879 (emphasis in original).

Here the ALJ did not reject Dr. Brischetto's opinion.  In

fact, as noted, the ALJ gave significant weight to her opinion and generally agreed with Dr. Brischetto's finding that Plaintiff did not have the ability to interact in the workplace with the public and co-workers.  As noted, the ALJ's evaluation of Plaintiff's RFC included a limitation for only "incidental contact" with the public and "no teamwork tasks."

On this record the Court concludes the ALJ did not reject Dr. Brischetto's opinion, Plaintiff's RFC is consistent with Dr. Brischetto's opinion, and the ALJ's interpretation of the evidence is rational and supported by substantial evidence in the record.

Accordingly, the Court concludes the ALJ did not err in his consideration of Dr. Brischetto's opinion or in his evaluation of Plaintiff's RFC.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 30th day of January, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge